BRADY, RECEIVER, *v.* SKINNER.

[No. 13,830.   Filed March 20, 1930.]

*J. A. VanOsdol, Ralph K. Kane, Gideon W. Blain* and *Robert Hollowell, Jr.,* for appellant.

*Ralph M. Spaan* and *Theophilus J. Moll,* for appellee.

ENLOE, J.,—On and prior to July 23, 1926, appellee was an employee of the Indianapolis Street Railway Company.   On the day named, he was at work on the

tracks of his employer at a point near Fifty-Ninth Street and College Avenue, in the city of Indianapolis, and, while so at work, "welding rails," he was struck by a car operated by employees of appellant and injured.

It appears from the record that the cars of the Union Traction Company were being operated over the tracks of the Indianapolis Street Railway Company, on College Avenue, under and by virtue of an agreement between the said two companies. Also, that the road in said avenue is a double track one, and that, at the time of the accident, workmen were engaged in making repairs to the west or south-bound track, and that the car which struck the appellee was outbound on the said east track. The earth between the ties of the west track had been removed and the roadbed of the track had been excavated to the level of the bottom of the ties.

The complaint was in two paragraphs. In each it is alleged that, at the time appellee was injured, he, together with a crew of men, employees of the Indianapolis Street Railway Company, was engaged in repairing the west, or inbound, track of said street railroad; that he was engaged in welding the steel rails of said track, and at work on the east rail of said track; that, just before he was injured, he was standing in the excavation with his back to the south and his face to the northwest, engaged in his work.

The negligence charged in the first paragraph of said complaint was the failure of the motorman of appellant to give any warning by bell, gong or whistle of the approach of said car. The negligence alleged in the second paragraph was the failure of the said motorman to give any warning of the approach of said car by sounding bell, gong or whistle, and the running of said car at a high and dangerous rate of speed, to wit, 20 miles per hour.

The issues being closed by an answer in general denial, the cause was submitted to a jury for trial and resulted in a verdict for the appellee. The overruling of appellant's motion for a new trial is assigned as error. Under this assignment, the only matter necessary to be noticed is the action of the court in giving two certain instructions, numbered 14 and 20, given by the court of its own motion.

The material part of No. 14, involved in this appeal, was as follows: "If you should find from the evidence that, . . . the motorman in charge of the operation of said interurban train saw the plaintiff so working upon said east rail of said inbound track; that, at the time said motorman saw said plaintiff, the plaintiff was in a place of danger, and you further find from the evidence that the said motorman could have, in the exercise of reasonable care and, after he saw plaintiff in such position of danger, stopped his car in time to have avoided striking or injuring the plaintiff, but failed so to do and collided with plaintiff while in such position of danger and as described in plaintiff's second paragraph of complaint, then, in that event, defendant would be liable for such injuries as proximately resulted from so striking plaintiff, and your verdict should be for plaintiff in such sum as, under the evidence and instructions of the court, you find him to be entitled."

The material part of instruction No. 20, challenged on this appeal, was as follows: "If you find from the evidence that the motorman in operating the traction car in question saw the plaintiff in a dangerous position on or near the tracks over which said car was traveling as alleged in the complaint, and that, by the exercise of reasonable care on the part of said motorman, he could have, between the time of discovered danger and the accident, avoided striking plaintiff, but did not do so and plaintiff was thereby injured, then you will be

justified in finding for the plaintiff even though by his own negligence he originally placed himself in such dangerous position. This is known as the doctrine of 'last clear chance' or 'discovered peril' and is the application of a humanitarian rule. In other words, it is the negligent failure or omission by the defendant to avoid a discovered peril and thereby prevent the accident in question," etc.

Each of these instructions wholly omitted the element of helplessness on the part of the appellee to extricate himself from such supposed perilous position, and, by said No. 14, the absolute duty was placed upon the motorman *to stop* if that could have been done by the exercise, by him, of reasonable care in that behalf and this duty was so placed upon him by said instruction, irrespective of whether said motorman was negligent in the matter of giving a warning signal of the approach of said car or not. Each of these instructions was not expressive of the law, and their giving was reversible error.

Reversed, with instructions to grant a new trial.